IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00456-PSF-MJW

DEBORAH STEELE,

Plaintiff,

v.

KROENKE SPORTS ENTERPRISES, L.L.C.,
PAUL ANDREWS, and
DOUG ACKERMAN, in their individual and official capacities,

Defendants.

---

**ORDER REGARDING DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO PREVENT THE DISCLOSURE OF CONFIDENTIAL INFORMANT'S IDENTITY (DOCKET NO. 38)**

---

**ENTERED BY MAGISTRATE JUDGE MICHAEL J. WATANABE**

This matter is before the court on Defendants' Motion for Protective Order to Prevent the Disclosure of Confidential Informant's Identity (docket no. 38).  The court has reviewed the motion and response.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Defendants request that this court enter a protective order preventing the disclosure of the confidential informant's identity pursuant to Fed. R. Civ. P. 26(c). Defendants argue that protecting the identity of the informant is necessary both to protect the public interest as it is set forth in Denver Municipal Code Sec. 7-294(b) and

for Kroenke Sports Enterprises, LLC ("KSE"), to preserve the integrity of its ticket sales business.

Plaintiff argues that KSE has alleged that its termination of Plaintiff's employment was precipitated by a tip from a confidential informant (made to Mr. Andrews) who alleged that Plaintiff was engaging in improper conduct by selling tickets to ticket brokers. In addition, Plaintiff argues that the confidential informant reported that three KSE employees were engaged in this practice. Accordingly, Plaintiff argues that she is entitled to the name of this confidential informant and related documents. Furthermore, Plaintiff argues that she is entitled to seek discovery from the confidential informant directly.

Whether to enter a protective order lies within the discretion of the court. Thomas v. IBM, 48 F.3d 478, 482 (10th Cir. 1995). Under Fed. R. Civ. P. 26(c), a court "may make an order when justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The court further may issue a protective order upon a showing of "good cause." "In determining the need for a protective order, the court must balance the interests of the plaintiff in having the information, and the interests of the defendant or society in keeping that information confidential." Estate of Hoyle v. American Red Cross, 149 F.R.D. 215, 216 (D. Utah 1993).

Here, the court finds that the Plaintiff has failed to demonstrate a need to discover the identity of the confidential informant. The confidential informant notified KSE of a possible violation of the law by KSE employees. See Andrews Depo. at

3

79:18-80:13); <u>See</u> also Denver Municpal Code Sec. 7-294(b).  The confidential informant's tip caused KSE to investigate possible dealings between its employees and ticket brokers.  <u>See</u> Andrews Depo. at 84:2-8, 86:10-87:7.  However, this tip was allegedly not itself the reason for Plaintiff's suspension and termination.  Furthermore, Andrews and other KSE employees allegedly investigated the tip and discovered that Plaintiff, who was an employee of KSE, had been selling tickets to individuals whom she knew to be ticket brokers.  <u>See</u> Andrews Depo. at 84:2-8, 86:10-87:7; 90:5-12, 99:11-1000: 1; <u>See</u> also exhibit 45 to deposition of Douglas C. Ackerman (exhibit D).  During the investigation, the confidential informant allegedly expressed to Andrews fear of harm and retribution.  The informant purportedly explained to Andrews "that he feared for his life" because he/she was reporting information to KSE."  <u>See</u> Andrews Depo. 82:12-83:1.  He/she specifically feared physical retribution from ticket brokers.  <u>See</u> Andrews Depo 82:12-83:1.  The confidential informant further allegedly explained that he/she wanted to come forward because the sales to ticket brokers were "bad . . . for the general public."  <u>See</u> Andrews Depo. 82:9-22, 83:16–84:1.  Finally, Plaintiff acknowledged that she had sold tickets to ticket brokers which caused Plaintiff's employment to be suspended and later resulted in Plaintiff's termination of employment with KSE.  <u>See</u> exhibit D and Plaintiff's Depo. at 216:18-217:1.

In applying the balancing test as outlined in the <u>Estate of Hoyle</u> case above, this court concludes that the public interest in stopping violations of the law under Denver Municipal Code Sec. 7-294(b), KSE's interests in maintaining the confidentiality of its informants' anonymity and preserving the integrity of its ticket sales business, and the

4

confidential informant's interest in maintaining confidentiality, given his/her expressed fear for his/her safety, outweigh the need for such disclosure and documents as requested by Plaintiff.

## ORDER

Accordingly, based upon these findings of fact and conclusions of law, the court **ORDERS:**

1. That Defendants' Motion for Protective Order to Prevent the Disclosure of Confidential Informant's Identity (docket no. 38) is **GRANTED.**

2. That each party shall pay their own attorney fees and costs for this motion.

Dated this 17th of November 2005.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge