IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00456-PSF-MJW

DEBORAH STEELE,

     Plaintiff,

v.

KROENKE SPORTS ENTERPRISES, L.L.C.;
PAUL ANDREWS, in his individual and official capacities; and
DOUG ACKERMAN, in his individual and official capacities,

     Defendants.

---

## ORDER ON MOTION TO COMPEL

---

This matter is before the Court on Defendants' Motion to Compel Plaintiff to Order Additional Transcripts for Appeal (Dkt. # 148), filed October 12, 2006. The motion is now fully briefed and ripe for determination.

The Court entered judgment in this case on July 31, 2006, following a partial grant of defendants' motion for summary judgment and a five-day jury trial that resulted in a verdict for defendants. Plaintiff Deborah Steele timely filed a notice of appeal on August 29, 2006, and filed a transcript order form indicating no transcript was necessary, as plaintiff intends to appeal only this Court's partial grant of defendants' motion for summary judgment. Defendants on September 21, 2006 filed a Designation of Additional Parts of the Transcript, designating the transcript of the final trial preparation conference, a status conference, this Court's rulings on issues raised at the status conference, and the transcript of each day of the five-day jury trial. Defendants

have moved, pursuant to F.R.App.P. 10(b)(3)(C), for an order from this Court compelling plaintiff to order the designated portions of the transcript.  *See generally* F.R.App.P. 10(b)(3)(B) and (C) (providing for an appellee to designate what it deems necessary portions of the transcript and allowing appellee to move in the district court for an order requiring appellant to order the designated portions).

Plaintiff contends that "she is appealing only this Court's ruling on Defendants' Motion for Summary Judgment.  No issue raised on appeal will address the trial on the remaining claims in this matter."  Pl.'s Resp. at ¶ 1 (Dkt. # 150).  As all designated portions of the transcript involve trial matters, they are irrelevant to the appeal before the Tenth Circuit, according to plaintiff, because a review of a grant of summary judgment is limited to the record before the trial court at the time the ruling was made.  Thus, plaintiff continues, she should not be required produce at a cost of several thousands of dollars parts of the record unnecessary to her appeal.  *Id.* at ¶¶ 3-5 (citing *Magnum Foods, Inc. v. Continental Cas. Co.*, 36 F.3d 1491, 1502 n.12 (10th Cir. 1994) and *Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1475 (10th Cir. 1993)).  Defendants counter that such designated portions are not irrelevant because an appellate court may affirm a district court decision on any grounds, even grounds not relied on by the district court.  Defs.' Reply at ¶ 2 (Dkt. # 151) (citing *Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995), *cert. denied*, 517 U.S. 1223 (1996).

The Court does not now determine whether the voluminous transcript designations made by defendants are necessary for the purposes of plaintiff's appeal.  Although F.R.App.P. 10(b)(3)(C) provides for a motion such as defendants' motion to

compel production, it is not clear at this early juncture that such designated portions are necessary for full consideration of appellate issues. Defendants may move to recover the costs of the designated transcripts at the conclusion of the appeal.

The Court's denial of defendants' motion is based on caselaw suggesting that the voluminous transcripts may not be necessary or even subject to consideration on appeal. The Tenth Circuit in another case denied a motion by an appellee to supplement the record on appeal from a grant of summary judgment, holding that "[t]he evidence which [appellee] seeks to introduce was not part of the record before the district court. This court has held that it cannot, in reviewing a ruling on summary judgment, consider evidence not before the district court." *John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 506 (10th Cir. 1994).

Defendants rely on *Pascouau v. Martin Marietta Corp.*, 185 F.3d 874 (Table) (10th Cir., July 14, 1999) to show the necessity of the designated transcripts, but that case is not dispositive here. In *Pascouau*, an unpublished decision involving appeal of trial as well as pretrial determinations by the district court, the Tenth Circuit found that its analysis "*may* go beyond a *de novo* review of the record before the district court at the time it considered the motion for summary judgment." *Id.* at *11 (emphasis added). Not only did that case not involve the issue before this Court—whether plaintiff should be required to pay prior to her appeal for the designated transcripts—but such an apparently optional undertaking by the appellate court recognized in *Pascouau* does not necessarily make the entire transcript of a five-day jury trial and other proceedings subject to appellate scrutiny in this situation. Such a permissive review allowed in

*Pascouau* might, however, provide a basis for defendants, after the appeal, to seek recovery of its costs in producing the transcripts if they choose to order them.

Also unavailing is defendants' reliance on *Lundy v. Union Carbide Corp.*, 598 F. Supp. 451 (D. Or. 1984), which holds that F.R.App.P. 10(b) "places on the appellant the burden of ordering and paying for the necessary parts of the trial transcript." *Id.* at 452. Here, the Court does not now determine in advance of the appeal itself whether the designated trial and conference transcripts are necessary. Pursuant to F.R.App.P. 10(e)(2), the appellate or the district court may order supplementation of the record. Under that rule and others, defendants' costs in producing the designated transcripts may well be recoverable following the appeal itself. Given that safeguard, the Court will not require plaintiff to pay for them at this time.

IT IS ORDERED that, for the foregoing reasons, Defendants' Motion to Compel Plaintiff to Order Additional Transcripts for Appeal (Dkt. # 148) is DENIED.

DATED: November 21, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge